## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAYSHA PASTOR
1594 Cumberland Street, Suite 208
Lebanon, PA 17042

        Plaintiff,

   v.

CARING MATTERS HOME CARE
888 Millersville Rd
Lancaster PA 17603

        Defendant.

CIVIL ACTION NO:

COMPLAINT WITH JURY DEMAND

## CIVIL ACTION COMPLAINT

Plaintiff Taysha Pastor (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby complains as follows against Defendant caring Matters Home Care (hereinafter "Defendant").

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and the Pennsylvania Common Law.

## JURISDICTION AND VENUE

2.     The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. The Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

1

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.      Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff has exhausted all administrative remedies as required as a prerequisite to the filing of her instant ADA and PHRA claims.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is a corporation that does business in Pennsylvania at the address set forth in the caption above.

9.      At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein as if set forth in full.

11.      Plaintiff is a Hispanic female.

12.     Defendant hired Plaintiff on or about March 23, 2015 as a full-time Home Health Aid.

13.     In or around April 2016, Plaintiff suffered an injury to her right wrist while at work (hereinafter Plaintiff's "Medical Condition").

14.     Plaintiff immediately sought medical attention for her Medical Condition.

15.     Pursuant to her Medical Condition, Plaintiff's physician ordered that she remain out of work for a period of two weeks to heal from her Medical Condition.

16.     Plaintiff immediately notified Defendant's Owner Judy (last name unknown), Supervisor Kim Wolfe and Supervisor Lynchell (last name unknown) of her Medical Condition and her physician's orders.

17.     Defendant did not notify Plaintiff of her right to take a leave under the Family and Medical Leave Act ("FMLA").

18.     Defendant did not designate Plaintiff's leave of absence as FMLA protected.

19.     While Plaintiff was on leave, Defendant instructed Plaintiff to participate in a training examination.

20.     In or around late early May 2016, Plaintiff's physician cleared Plaintiff to return to work with significant lifting restriction.

21.     Accordingly, Defendant assigned Plaintiff a light duty position.

22.     On May 13, 2016, Plaintiff asked Supervisor Lynchell whether she would be paid for the time spent on the training examination.

23.     Supervisor Lynchell advised Plaintiff that she would not be paid for the time spent on the training examination.

24.     Plaintiff objected to Defendant's determination that she was would not be paid for the hours spent on the training examination.

25.     In response, Supervisor Lynchell advised Plaintiff that Defendant would withhold her paycheck until such time as she completed the training examination.

26.     On or about May 13, 2016, Plaintiff made a complaint to the Department of Labor ("DOL") asserting violations of the Pennsylvania Wage Payment and Collections Act, resulting from Defendant's decision to withhold Plaintiff's paycheck until such time as she completed the training requirement.

27.     On May 13, 2016, Plaintiff received a group text message from Respondent with a work assignment for an employee stating the employee "***must be a blonde***."

28.     On the afternoon of May 13, 2016, Plaintiff reported to Owner Judy that she believed the work requirement of being blond was discriminatory.

29.     Plaintiff further advised Owner Judy of her objection to Defendant's failure to pay for her hours spent on the training examination, and of her filing of a DOL complaint related to same.

30.     On May 17, 2016, Defendant fired Plaintiff.

31.     Plaintiff learned of her termination via a voicemail from her assigned patient notifying her that the patient learned Defendant fired Plaintiff.

32.     Plaintiff immediately reached out to Defendant to inquire as to her employment status.

33.     Defendant refused to answer Plaintiff's phone calls.

34.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

### COUNT I
### <u>Violations of the Family and Medical Leave Act</u>
### (Interference)

35.     The foregoing paragraphs are incorporated herein as if set forth in full.

36.     As of February 2015, Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

37.     Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of her medical leaves of absence.

38.     Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current or proceeding calendar year.

39.     Plaintiff's Medical Condition constituted a serious health conditions within the meaning of the FMLA.

40.     Plaintiff required time off work due to her serious health condition.

41.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave per year, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

42.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave per year, and Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA.

43.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with individualized notice of her FMLA rights.

44.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA-mandated eligibility notice.

45.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA-mandated rights and responsibilities notice.

46.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA-mandated designation notice.

47.     Defendant interfered with Plaintiff's FMLA rights by failing to designate her absences as FMLA-qualifying.

48.     Defendant interfered with Plaintiff's FMLA rights by firing her for having taken leave that Defendants should designated and treated as FMLA protected leave.

49.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT II**
**Violations of the Family and Medical Leave Act**
**(Retaliation)**

50.     The foregoing paragraphs are incorporated herein as if set forth in full.

51.     Defendant retaliated against Plaintiff by firing her for having taken leave that Defendant should have designated as FMLA-qualifying leave.

52.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT III**
**Violations of the Americans with Disabilities Act ("ADA")**
**(Disability Discrimination)**

53.     The foregoing paragraphs are incorporated herein as if set forth in full.

54.     At all times relevant herein, Plaintiff's Medical Condition rendered her an individual with a disability under the ADA.

55.     Defendant terminated Plaintiff, in part, because she suffered from a disability.

56.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT IV**
**Violations of the ADA**
**(Retaliation)**

57.     The foregoing paragraphs are incorporated herein as if set forth in full.

58.     Plaintiff requested an accommodation in the form of a modification to the uniform requirements due to disability.

6

59.     Plaintiff requested an accommodation in the form of a temporary leave of absence to treat her disability.

60.     Plaintiff requested an accommodation in the form of a light duty assignment as required by her disability.

61.     Requesting and using an accommodation for her disability is clearly a protected activity under the ADA.

62.     Defendant fired Plaintiff, in part, because she requested the aforementioned accommodations.

63.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT V**
**Violations of the PHRA**
**(Disability Discrimination)**

64.     The foregoing paragraphs are incorporated herein as if set forth in full.

65.     At all times relevant herein, Plaintiff's Medical Condition rendered her an individual with a disability under the PHRA.

66.     Defendant terminated Plaintiff, in part, because she suffered from a disability.

67.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT VI**
**Violations of the PHRA**
**(Retaliation)**

68.     The foregoing paragraphs are incorporated herein as if set forth in full.

69.     Plaintiff requested an accommodation in the form of a modification to the uniform requirements due to disability.

70.     Plaintiff requested an accommodation in the form of a periodic leaves of absence to treat her disability.

71.     Requesting and using an accommodation for her disability is clearly a protected activity under the PHRA.

72.     Defendant fired Plaintiff, in part, because she requested the aforementioned accommodations.

73.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT VII**
**Violations of Title VII**
**(Racial Discrimination/Retaliation)**

74.     The forgoing paragraphs are incorporated herein as if set forth in full.

75.     Plaintiff opposed and reported racially discriminatory assignments and a racially discriminatory hiring practice to Defendant.

76.     Plaintiff was terminated in retaliation for her opposition to and reports of racial discrimination.

77.     Defendant's actions as set forth constitute violations of Title VII.

78.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT VII**
**Violations of the PHRA**
**(Racial Discrimination/Retaliation)**

79.     The forgoing paragraphs are incorporated herein as if set forth in full.

80.     Plaintiff opposed and reported racially discriminatory assignments and a racially discriminatory hiring practice to Defendant.

81.     Plaintiff was terminated in retaliation for her opposition to and reports of racial discrimination.

82.     These actions as aforesaid constitute violations of the PHRA.

83. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT IX
## Violations of the Pennsylvania Wage Payment and Collection Law
### (Failure to Make Timely Payment)

84.     The forgoing paragraphs are incorporated herein as if set forth in full.

85.     Defendant violated the requirements of the Pennsylvania Wage Payment and Collection Law when it refused to issue timely payment of earned wages.

86.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT X
## Violations of the Pennsylvania Common Law
### (Unlawful Termination)

87.     The foregoing paragraphs are incorporated herein as if set forth in full.

88.     Pennsylvania Statute 43 P.S. §260.3 requires that employers pay all wages earned by employees on regular paydays.

89.     Pennsylvania Statute 43 P.S. §260.8 provides the Pennsylvania Department of Labor with the authority to enforce the aforementioned statutory requirements.

90.     Defendant's determination that it would withhold Plaintiff's paycheck until she completed a training requirement constitutes a violation of 43 P.S. §260.3.

91.     Plaintiff reported Defendant's violations of the Pennsylvania Statute to the Pennsylvania Department of Labor, seeking enforcement of her statutory rights.

92.     Defendant's firing of Plaintiff for seeking enforcement of her statutory rights is therefore in violation of the clear public policy of the state of Pennsylvania.

93.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leave and/or disabilities and/or perceived disabilities;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost and future lost earnings;

C.      Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
Email: marora@swartz-legal.com

Dated: April 26, 2017